[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

No. 11-15343
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00873-HES-JBT


HOWARD S. PALMER,

Plaintiff - Appellee,

versus

MANDARIN HOLIDAY MARINA & FISH CAMP, INC.,
a Florida corporation,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 26, 2012)


Before MARCUS, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Plaintiff Howard Palmer's boat was stolen from the slip he leased from Defendant, Mandarin Holiday Marina & Fish Camp, Inc. (the Marina). The case was set for trial on January 10, 2011, but several days prior to trial Howard Sutter (attorney for Palmer) and John Webb (attorney for the Marina) negotiated a settlement for $32,500. The proceeds of the settlement were not paid within sixty days, and Palmer filed a Motion to Reopen Case and for Final Judgment to Enforce Settlement (Motion to Reopen). In response, the Marina did not deny that the matter had been settled. Rather, the Marina asserted that it was attempting to have its own insurance company pay the settlement on his behalf.

The district court held a hearing on May 4, 2011 to permit the Marina to show cause as to why the Motion to Reopen should not be granted. Palmer and his attorneys appeared at the hearing, but only Webb appeared for the Marina. Neither Charles Andreu nor Lovie McEwen, co-owners of the Marina, appeared in court. Webb admits that he informed them it was unnecessary for them to be at the hearing. After the hearing, the district court entered a final judgment in the amount of $32,500 in favor of Palmer.

On July 29, 2011, the Marina, with new counsel, filed a Motion for Relief from Judgment for Litigation Mistake and to Suspend Its Operation pursuant to

Federal Rule of Civil Procedure Rule 60 (Motion for Relief). The Marina claimed that Webb never had clear and unequivocal authority to enter into a settlement agreement with Palmer. On September 14, 2011, the district court held a hearing on the Motion for Relief, and the Marina presented three witnesses. The Marina's main witness was Andreu who testified that he did not give Webb authority to settle the case. Webb testified that he did have authority to settle the case. The district court in its order denying the Motion for Relief specifically found Andreu's testimony incredible. The district court did not give Andreu's testimony any credence because "[a]t worse Mr. Andreu was entirely untruthful, and at best his age prevented him from remembering any details of his conversations with Webb." The district court then found that Webb's testimony "was credible and worthy of belief." The Marina filed a motion for reconsideration, which the district court also denied. The Marina then appealed the denial of the motion for reconsideration.

Although the Marina only filed a notice of appeal from the denial of the motion from reconsideration, it is clear from its brief that it intends to appeal the denial of the Motion to Reopen. "This Court has consistently said that an appeal will be entertained where an overriding intent to appeal may be reasonably inferred from the text of the notice and the defect has not materially misled the

3

appellee." *Jones v. Chaney & James Constr. Co.*, 399 F.2d 84, 86 (5th Cir. 1968) (quotations and citation omitted).[1] Palmer readily admitted that he did not suffer any prejudice by the Notice to Appeal; therefore, we review the district court's denial of the Motion to Reopen.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). We only disturb a district court's finding of facts if the findings were clearly erroneous. *Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000). State law governs the scope of an attorney's authority to enter into a settlement agreement. *Murchison*, 13 F.3d at 1485. Here, both parties agree that Florida law applies. Under Florida law, "[s]ettlements are highly favored as a means to conserve judicial resources, and will be enforced when it is possible to do so." *Long Term Mgmt. Inc. v. Univ. Nursing Care Ctr., Inc.*, 704 So. 2d 669, 673 (Fla. Dist. Ct. App. 1997). The party seeking to enforce the settlement agreement must show that the attorney had clear and unequivocal authority to enter into the agreement. *Id.* at 674.

Here, the district court did not clearly err by not relying on Andreu's

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down on or before September 30, 1981.

testimony. Nor did the district court err in relying mostly on Webb's testimony. Webb stated during the hearing that "At the time that the settlement discussions were ripe for resolution, my instructions were . . . emanating from the insurance company. The insurance company made representations to do your best and that they would step in and provide coverage . . . My understanding of [Andreu's] position was, if the insurance company wants to settle it, let them settle it." It was not an abuse of discretion for the district court to credit Webb's testimony that he had clear authority to settle the case. Therefore, the district court properly denied the Marina's Motion to Reopen.

**AFFIRMED.**